## HOWARD SILLCOCKS et al.

### *v.*

## LUCRETIA SILLCOCKS.

A testator gave all the residue of his estate to his widow "for the full term ·of her natural life," and, at her death, gave three specific legacies out of that which was bequeathed to her for life, and then added, "and all the rest and residue of my estate then remaining, that is, after the death of my said wife, I ·give" &c. Under this provision for her, the wife entered into the possession and enjoyment of the testator's real estate, and now holds it, unsold, and refuses to pay the annual municipal taxes assessed against it.—*Held*, that the widow took a life estate and must pay the current municipal taxes.

On motion to dismiss bill under rule 224, in lieu of demurrer thereto.

The bill alleges that Elias M. Sillcocks died on or about the 1st of August, 1888, at New Brunswick, in this state, leaving his son, Howard Sillcocks, his daughter, Ella S. Noyes, three grandchildren, Edward, Elmira and Annette Welsh, the children of a deceased daughter, his heirs at law, and Lucretia Sillcocks, his widow, him surviving; that he left ·a will, which was admitted to probate on the 28th of August, 1888, in and by which he did, among other things, provide as follows:

"All the rest and residue of my estate and property of every nature and kind, and wherever situate and being, I give, devise and bequeath unto my wife, Lucretia Sillcocks, for the full term of her natural life. At and after the death of my said wife, I give and bequeath my silver watch to my grandson, Edward Welsh, and my gold watch to my grandson, Edward Noyes, and my organ to my daughter. And all the rest and residue of my estate then remaining, that is, after the death of my said wife, wheresoever the same may be, I give, devise and bequeath in three equal parts and shares, to wit, one of said three parts and shares to my son, Edward Sillcocks, and to his heirs and assigns absolutely and forever; one of said three equal parts and shares to my daughter, Elinora, wife of George A. Noyes, and to her heirs and assigns forever; and one of said three equal parts and shares to my grandchildren, Edward, Elmira and Annette, children of my deceased daughter, Annette, who

---

Sillcocks *v.* Sillcocks.

---

was the wife of John H. Welsh, share and share alike, to and among my said¹ grandchildren and to their several heirs and assigns absolutely and forever;"

that the residue of the estate of Elias M. Sillcocks consisted in part of a house and lot situate on Church street, in the city of New Brunswick ; that Lucretia Sillcocks, the widow of the testator, upon his decease, entered into possession of that property and has remained and still remains in the enjoyment and use thereof as her residence, and that she has neglected and refused to pay and discharge municipal taxes assessed against that land. The bill seeks to compel her to pay and discharge those taxes.

Dismissal of the bill is moved, by way of demurrer, upon the ground that, by the terms of the will of Elias M. Sillcocks, Lucretia Sillcocks, his widow, took the residue of his estate in fee and not for life only. The bill is filed by the residuary devisees, who are also the heirs at law of Elias M. Sillcocks, and the motion is made in behalf of the widow, Lucretia Sillcocks. ·

*Mr. Alan H. Strong*, for the motion.

*Mr. John S. Voorhees, contra.*

THE CHANCELLOR.

The argument in support of the motion is, that the words "then remaining," in the introduction to the devise over after the death of the widow, import a power of unlimited disposition in her which is consistent only with an estate in fee in the first taker and makes void the devise over. It is claimed that the case is within the rule applied in *McClellan* v. *Larchar*, *18 Stew. Eq. 17*. The rule invoked is subject to an exception which has been clearly and repeatedly defined in the adjudications of our courts. The leading case is that of *Borden* v. *Downey, 7 Vr. 460*, in which, in the court of errors and appeals, the rule and exception were stated by Mr. Justice Depue, who pronounced the opinion of that court, in this language :—

"We may lay it down as an incontrovertible rule, that when an estate is given to a person generally or indefinitely, with a

Sillcocks *v.* Sillcocks.

power of disposition, it carries a fee, and the only exception to this rule is where the testator gives to the first taker an estate for life *only*, by certain and express words, and annexes to it a power of disposal.   In that particular and special case, the devisee for life will not take an estate in fee."

In the same case, in the supreme court (*6 Vr. 74*), Chief-Justice Beasley said that where the estate for life is expressly given and a power of disposition is annexed to it, the fee does not pass, but only a naked power to dispose of the fee.   In this view he was sustained by the court of errors and appeals.

In the present case the gift of the residue of the testator's estate to his widow is expressly for her life, and, if the words " then remaining " are held to bestow a power of disposition, the case is undoubtedly within the exception so clearly defined in *Borden* v. *Downey*.   It may, however, be seriously questioned whether those words, in the connection in which they are used, do import a power of disposition, or whether they simply refer to the condition in which the residue of the estate will be left at the death of the wife—worn and partially consumed by use. Before he uses the words, the testator makes three specific bequests from the residue of his estate, thereby treating the residue as though it were not liable to disposition, in that he assumes, with confidence and certainty, that the things he specifically gives will remain at the death of his wife.   The implication that a power of disposition was intended does not appear to me to be either strong or necessary.   I am inclined to believe that the testator did not mean to give such power.

It is, however, neither necessary nor proper that I shall now attempt to ascertain the meaning of the words " then remaining " &c.   The bill does not set out the testator's will *in extenso,* and I, therefore, being on this motion confined to the allegations of the bill, have not that entire instrument before me.   Whether a power of disposition be given, or a reference only to the consumption which is incident to the use of the residue of the estate by the widow, during her life, is intended, it is clear that the present motion cannot prevail, for, even if a power of disposition be given, it is a mere naked power to dispose of the fee, and not

the fee itself, and, as that power has not been exercised, the widow now stands, with respect to the land in question, subject to all the liabilities and duties of a tenant for life, among which is the duty to pay current taxes.

I will deny the motion, with costs.